Filed 12/21/21  Marriage of Heinsohn and Cherednychenko CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage DON HEINSOHN and OLENA CHEREDNYCHENKO. | |
| DON HEINSOHN, Respondent, v. OLENA CHEREDNYCHENKO, Respondent; TAYISIYA DUBININA, Appellant. | A159594 (San Mateo County Super. Ct. No. 17FAM02049) |

Third party claimant Tayisiya Dubinina appeals from the trial court's default judgment and the order denying her request to set aside the default entered against her in this matter arising out of her joinder as a third party claimant in the marital dissolution action between respondent Don Heinsohn and Olena Cherednychenko.[1]  On appeal, Dubinina contends (1) the default judgment is void due to the lack of compliance with the requirements of Code

---

[1] Cherednychenko is not a party to this appeal.

of Civil Procedure section 585[2] and California Rules of Court, rule 3.1800;[3] (2) the trial court lacked jurisdiction to enter any orders or judgments in this matter until this court issued a remittitur in Dubinina's earlier appeal; and (3) the trial court erred when it failed to consider whether Dubinina's failure to file an answer to Heinsohn's pleading on joinder was due to excusable mistake and whether she substantially complied with the proposed pleading requirement of section 473, subdivision (b). We shall reverse the order denying Dubinina's request to set aside the default and the default judgment.[4]

## BACKGROUND

Heinsohn and Cherednychenko married in 2008, and separated in July 2017. Heinsohn petitioned for dissolution of marriage in August 2017.

Dubinina is Cherednychenko's niece. On October 3, 2018, Heinsohn filed a motion for joinder of Dubinina as a third party claimant in the dissolution action. He alleged that she was a necessary and indispensable party to the action because Cherednychenko had transferred certain community assets to Dubinina in an effort to hide them from Heinsohn, and her presence as a party was necessary to prove the fraudulent transfers and to ensure the assets were transferred back to the community. The assets allegedly transferred to Dubinina included real property in Hawaii and earnings from Cherednychenko's business, a speech and debate school called Young Genius Associates (the debate school or Young Genius).

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] All further rule references are to the California Rules of Court.

[4] In light of this result, we need not address Dubinina's first contention, that the default judgment is void due to the lack of compliance with the requirements of section 585 and rule 3.1800.

At a December 17, 2018 hearing, the trial court granted Heinsohn's joinder request. The court ordered Heinsohn's attorney to prepare the joinder pleading and serve a summons and related documents on Dubinina. The court then informed Dubinina, who was present in the courtroom and unrepresented by counsel, that once Heinsohn served her with the summons and pleading, she would have 30 days "to file an appropriate response." The court also told her that if she needed "help figuring out what kind of response is appropriate and what you need to do in order to file papers," she could make an appointment with the court's family law facilitator for assistance. Both Heinsohn's attorney and Dubinina agreed to email service of Heinsohn's joinder papers and Dubinina's responsive pleadings.

On January 3, 2019, Heinsohn filed his joinder pleading, in which he alleged that it was appropriate for the court to join Dubinina "as a party to this action because she now holds a majority interest in the community business, has control of [Cherednychenko's] finances, and was transferred 100% ownership interest in the parties' Hawaii property shortly after the parties' separation herein." Heinsohn further alleged that Dubinina had "acted with the intent to cause financial injury to [Heinsohn] and her conduct was despicable and done with a willful and knowing disregard of the rights of [Heinsohn]." Heinsohn asked the court to order Dubinina to transfer all of her interests of the debate school and the Hawaii property back to the community. He also requested punitive damages pursuant to Civil Code section 3294, "according to proof against Claimant Dubinina for her malicious conduct which has resulted in detrimental economic consequences and delay in [Heinsohn and Cherednychenko's] dissolution of marriage action."

On January 10, 2019, Heinsohn's attorney below served the summons, joinder pleading, and related documents on Dubinina by email. The

3

summons informed Dubinina that her failure to file a responsive pleading within 30 days could lead to entry of a default against her.

Dubinina did not file a responsive pleading within the allotted 30 days, and Heinsohn's attorney prepared a request to enter default, which was dated February 14, 2019.  At his request, the court entered default against Dubinina on February 21.

On March 7, 2019, Dubinina filed a request for an order setting aside the default, with a hearing on the request set for August 30.  In her request, Dubinina explained that she had not filed a response to the joinder pleading because she had consulted with the San Mateo County Superior Court's self-help center and was told she did not have to file any response.  She also stated that she had not been properly served with the request to enter a default.  The request did not include a proposed responsive pleading.

On June 28, 2019, the trial court filed its written findings and order after hearing, summarizing the decision it had made at the December 17, 2018 hearing, when it granted Heinsohn's request for Dubinina's joinder as a party in the present action.[5]  The hearing on Dubinina's request to set aside the default took place on August 30, 2019.  Dubinina acknowledged that she had been served electronically on January 10 with the summons for the joinder, the pleading on the joinder, as well as the notice of motion, declaration, and memorandum of points and authorities for joinder.  In

---

[5] Dubinina filed a notice of appeal on September 6, 2019, from the court's June 28 order joining her as a party in the present action.  On October 22, a panel of this court filed an order dismissing the appeal, on the ground that an order granting a motion for joinder is not appealable.  (*Heinsohn v. Cherednychenko* (A158371).)  On November 19, this court denied Dubinina's motion to vacate the dismissal order.  The remittitur issued on December 24, shortly after the trial court ruled against Dubinina on her request to set aside the default and entered its judgment.

4

response to the court's question regarding why she did not file a response within 30 days after receiving the summons, which stated that she had 30 days to file a response, Dubinina again explained that she did not file a response because "I went to the court, Family Court Services, and showed them everything, and asked them what to file. They said, you don't need to file anything, so there is no response."

At the conclusion of the hearing, the trial court orally denied the request for an order setting aside the default, but did not file its written findings and order after hearing until December 11, 2019, in which it summarized the findings and order it had made at the August 30 hearing and formally denied the request, which the court construed as having been made pursuant to section 473, subdivision (b).

On December 19, 2019, the trial court entered judgment on Heinsohn's pleading on joinder, directing Dubinina to transfer all interests she had in the Hawaii property and Young Genius back to Heinsohn and Cherednychenko, and to immediately vacate her position as principal, CEO, and CFO for Young Genius. The court also ordered Dubinina to pay Heinsohn $7,185.97 in punitive damages, pursuant to Civil Code section 3294, "for her malicious conduct which has resulted in detrimental economic consequences and delay in [Heinsohn] and [Cherednychenko's] dissolution of marriage action." The amount awarded was based on a declaration by Heinsohn's attorney, in which he set forth the fees and costs "expended in this matter due to [Dubinina's] malicious and fraudulent transmutation of community assets as set forth in [Heinsohn's] Pleading on Joinder . . . ."

On January 17, 2020, Dubinina filed a request to vacate the default judgment, which again did not include a proposed responsive pleading. She

5

included a proposed responsive pleading for the first time in her reply, filed on February 7, 2020.

Also on February 7, 2020, Dubinina filed a notice of appeal from the December 19, 2019 default judgment and the December 11, 2019 order denying her request to set aside the default.

The hearing on Dubinina's request to vacate the default judgment was taken off calendar after she filed her notice of appeal.

## DISCUSSION

### I. *Trial Court's Jurisdiction to Enter Its Order and Judgment Before Issuance of the Remittitur in Dubinina's Prior Appeal*

We will first address Dubinina's contention that the trial court did not have jurisdiction to enter either the December 11, 2019 findings and order denying her request to set aside the default or the default judgment filed on December 19, because both were entered before December 24, when the remittitur issued in her earlier appeal from the joinder order. Heinsohn counters that any error in entering the default judgment days before the remittitur issued was harmless because Dubinina was not prejudiced by the court's actions. As we shall explain, neither party's argument is correct, and the trial court *did* have jurisdiction to enter its order and judgment before issuance of the remittitur in the circumstances of this case.

As noted earlier, Dubinina had filed a notice of appeal on September 6, 2019, from the court's June 28 written order joining her as a third party claimant in the present action. On October 22, this court issued an order dismissing the appeal, on the ground that an order granting a motion for joinder is not appealable. On November 19, we also denied Dubinina's motion to vacate that dismissal order. The trial court entered the order denying Dubinina's request to set aside the default and the default

6

judgment—the subjects of the present appeal—on December 11 and 19, respectively. The remittitur in the earlier appeal issued on December 24.

Normally, under section 916, " 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by [an] appeal during the pendency of that appeal. [Citation.] . . . Thus, 'that court is without power to proceed further as to any matter embraced therein until the appeal is determined.' [Citations.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196.) However, the rule is different when there is a purported appeal from a nonappealable order. Such an appeal does not affect the trial court's jurisdiction to proceed. (See *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 146–147, citing cases.)

Here, Dubinina had appealed from the trial court's order joining her as a party in the present action. An order "[m]erely adding or substituting new parties to a proceeding is not an appealable order" (*In re Marriage of Tim & Wong* (2019 32 Cal.App.5th 1049, 1055–1057), and this court dismissed her appeal from the joinder order on that ground. Consequently, the trial court had jurisdiction when it denied Dubinina's request for an order setting aside the default and entered a default judgment shortly before issuance of the remittitur, which followed this court's dismissal of the appeal from the nonappealable joinder order. (See *Hearn Pacific Corp. v. Second Generation Roofing, Inc.*, *supra*, 247 Cal.App.4th at pp. 146–147.)

## II. *Dubinina's Claims of Mistake and Substantial Compliance Under Section 473, Subdivision (b)*

Dubinina, who represented herself in the proceedings below, next contends the trial court erred when it denied her request for an order setting aside the default without considering whether her failure to file an answer to the joinder pleading was excused on the ground of mistake, and whether she

7

substantially complied with the proposed pleading requirement of section 473, subdivision (b).

## A. *Trial Court Background*

Dubinina was present at the hearing on December 17, 2018, at which the court granted Heinsohn's request to join Dubinina as a third party claimant in the present action. After ordering Heinsohn's attorney to serve a summons and joinder pleading on Dubinina, the court informed Dubinina that "you will have 30 days after being served with [the joinder papers] to file an appropriate response. [¶] If you need help figuring out what kind of response is appropriate or what you need to do in order to file papers, the Family Law Facilitator on the second floor can assist you."

The joinder summons that Heinsohn's attorney served on Dubinina on January 10, 2019 also stated just below the caption: "NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below." Below that language, the summons stated that "[i]f you fail to file an appropriate pleading with 30 days of the date this summons is served on you, your default may be entered and the court may enter a judgment containing the relief requested in the pleading, court costs, and such other relief as may be granted by the court . . . ."

Dubinina did not file a responsive pleading by February 11, 2019, 30 days after service of the joinder summons. On February 14, without first notifying Dubinina, Heinsohn's attorney prepared a request to enter default, and the court entered a default on February 21.

Dubinina filed a request for order on March 7, 2019, asking the court to set aside the default, explaining, inter alia: "I consulted with San Mateo Court Self Help Center and they said that I do not need to file any Response.

8

Now the [Heinsohn] received the notice that I have been entered into default . . . . I do not understand why I was never notified and why I have been entered into default." No proposed answer to the joinder complaint was included in Dubinina's request. A hearing on her request for relief was set for August 30, 2019.

In her August 23, 2019 declaration in support of her request to set aside the default, Dubinina further explained her failure to file a proposed answer to the pleading on joinder, stating that when she went to the San Mateo County Superior Court self-help center for assistance in filing her response, as suggested by the court at the December 17, 2018 hearing, the lawyer there "told me that since I had already been joined to the case I do not need to write any Response."

Dubinina also pointed out in her declaration that she had been present at virtually all of the prior hearings in the case, assisting and translating for Cherednychenko, including the December 17, 2018 hearing, where she "was brought into the case proceedings and was joined to the case. [¶] Before that hearing, I filed my Declaration to the [Heinsohn's] Schedule of Assets and Debts, and notified this court that I invested my funds from my Young Genius speech and debate school in purchasing, remodeling and the maintenance of [Heinsohn's and Cherednychenko's] home in Montara, CA and would like to receive those funds back at the dissolution of their marriage. At the Joinder hearing on December 17, 2018, during the court proceedings I understood that in order to receive my share of the house I had to be joined to this case. [¶] Thus, I was joined to the case in order not only to carry out any judgment regarding the income from my Young Genius speech and debate school and the ownership of the real property in Hawaii but also for this Court to protect my rights to all of my assets. . . ." Dubinina

9

concluded her declaration with a request "to set aside the default, and if I still have to file a Response of Joinder, give me permission to file my Response."[6]

At the August 30, 2019 hearing on Dubinina's request to set aside the default, the court addressed her claim of mistake as follows: "Miss Dubinina indicated she went to the family law facilitator and she was advised she did not need to file responsive pleadings. That would have been contradictory to the court's discussion on the record of the need to file a response, as well as the contents of the summons, which indicate clearly that the response is required, and there is a particular time period required for that, 30 days."

The court then addressed Dubinina's failure to satisfy the requirement, under section 473, subdivision (b), "that the parties seeking to set aside default must attach a copy of the proposed responsive pleadings to the default, so that the court can see that there has been diligence in an effort to actually respond to the lawsuit, and that the party is ready to respond to the lawsuit. [¶] Ms. Dubinina filed her motion to set aside the default on March 7, 2019, and the hearing was set, based on various parties['] availability for August. So, it has been five and a half months since the motion has been filed. Ms. Dubinina's motion did not include a responsive pleading. [¶] When [Heinsohn's attorney] filed a responsive declaration pointing out that deficiency, Ms. Dubinina filed a reply declaration, that still did not actually include a response to the complaint and joinder. Her motion is therefore procedurally defective, and although she had an opportunity to correct it, she

---

[6] In his August 13, 2019 declaration in opposition to Dubinina's request for an order setting aside the default, Heinsohn's attorney had stated that, "[t]o date, Claimant Dubinina, has failed to file a responsive pleading to the Joinder documents, and failed to attach a copy of her proposed responsive pleading to her motion as required by [section] 473."

10

did not.  There is no proposed response that's been filed with the court in compliance with the procedural requirements of [section 473, subdivision (b)], so the court is going to respectfully deny the motion to set aside the default, and the default has been entered and will remain."

In its belated written findings and order after hearing, filed on December 10, 2019, the court did not address the reasonableness of Dubinina's mistake in relying on the family law facilitator, but focused only on the fact that Dubinina had failed to file a responsive pleading within 30 days of being served with the joinder summons and pleading, as well as her failure to comply with section 473's responsive pleading requirement: "[Ms. Dubinina's] Request for Order to Set Aside Default of the Summons and Pleading on Joinder is denied. . . .  The court found that Ms. Dubinina was present at the 12/17/2018 hearing on [Mr. Heinsohn's] Motion for Joinder and was aware of the arguments regarding joinder.  The court addressed procedural comments to Ms. Dubinina about what would be necessary once [she] was served with the Joinder Summons.  The Summons was issued, and on 8/30/2019 on the record, Ms. Dubinina acknowledged she received the Summons (Joinder) and Pleading on Joinder and Motion for Joinder on 1/10/2019 via electronic service from [the office of the attorney for Heinsohn] as agreed in open court.  The content of the Summons and discussions on the record on 12/17/18 clearly indicated that a response was required in 30 days.  Ms. Dubinina did not file a response.  Ms. Dubinina filed her motion [to set aside the default on] 3/7/19 with a hearing set for 5.5 months later on August 30, 2019, and she did not include a proposed Responsive Pleading to her motion even after [Heinsohn's attorney] filed a Responsive Declaration to [Ms. Dubinina's] motion pointing out this deficiency.  Ms. Dubinina had an opportunity to correct it and did not; therefore, the court denies

11

Ms. Dubinina's Request for Order to set Aside Default on that ground per [section 473[, subdivision] (b).  The Default has been entered and will remain."

## B.  *Legal Analysis*

Section 473, subdivision (b) provides that a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

In addition, section 473 provides that a request for discretionary relief "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  (§ 473, subd. (b).)

The law concerning section 473 relief in cases of default "was set forth by the Supreme Court in *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233: 'A motion seeking such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion.  [Citations.]  However, the trial court's discretion is not unlimited and must be " 'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' "  [Citations.]  [¶] Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted.  [Citations.]  In such situations "very slight evidence will be required to justify a court in setting aside the default."  [Citations.]  [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].'

12

[Citation.]" (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1005–1006 (*Grappo*).) For these reasons, " 'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980, quoting *Elston*, at p. 233.)

In the present case, as we shall explain, we agree with Dubinina that the court abused its discretion when it denied her request for an order setting aside the default, considering the evidence she presented of both reasonable mistake and substantial compliance with section 473's responsive pleading requirement, together with the lack of evidence that Heinsohn would be prejudiced if the court granted the requested relief. (See § 473, subd. (b); *Grappo*, *supra*, 11 Cal.App.5th at pp. 1005–1006.)

### 1. *Mistake*

First, as to mistake, "[a]n 'honest mistake of law' can provide 'a valid ground for relief,' at least 'where a problem is complex and debatable,' but relief may be properly denied where the record shows only 'ignorance of the law coupled with negligence in ascertaining it.' [Citation.] In considering whether a mistake of law furnishes grounds for relief, ' " 'the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law.' " ' [Citations.]" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413.)

Here, the trial court never expressed doubt about Dubinina's credibility with respect to her reliance on the incorrect advice she received from the trial court's family law facilitator. Rather, the court found that this reliance was not reasonable considering the court's statement at the December 17, 2018 hearing that Dubinina would have 30 days after being served with the

joinder papers "to file an appropriate response," and the joinder summons's instruction that she needed to file a response within 30 days.

However, the evidence shows that Dubinina, who was not represented by counsel, diligently acted on the court's vague suggestion at the December 17, 2018 hearing that she speak with the court's family law facilitator for "help figuring out what kind of response is appropriate or what you need to do in order to file papers."  Dubinina consulted with the family law facilitator, and then—as set forth in her August 23, 2019 declaration—reasonably relied on that lawyer's advice that she did *not* need to file a response because she had already been joined in the matter.[7]

We therefore find that the court's implicit determination in its December 11, 2019 findings and order after hearing that Dubinina's mistake was unreasonable is not supported by the evidence, and constituted an abuse of discretion.  (See *Hopkins & Carley v. Gens*, *supra*, 200 Cal.App.4th at p. 1413; see also *Grappo*, *supra*, 11 Cal.App.5th at p. 1005.)

## 2. *Substantial Compliance*

"The purpose of the proposed pleading requirement of section 473 is to compel the delinquent party to demonstrate his or her good faith and readiness to proceed on the merits.  [Citation.]  The requirement helps ensure courts do not become ' " 'a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys,' " ' and supports ' "policies [which] favor getting cases to trial on time, avoiding

---

[7] Likely adding to Dubinina's mistaken understanding, during a February 1, 2019 hearing at which Heinsohn, Cherednychenko, and Dubinina were all present, the court referred to Dubinina more than once as having "now been joined as a party to the action," and asked her to weigh in on Cherednychenko's motion to modify a subpoena issued by Heinsohn as to certain bank accounts, which was an issue being addressed at the hearing.

unnecessary and prejudicial delay, and preventing litigants from playing fast and loose with the pertinent legal rules and procedures." ' [Citation.]" (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 401 (*Carmel*).) "Because the proposed answer requirement is to provide the delinquent party with an opportunity to show good faith and readiness to answer the allegations of the complaint, courts have held substantial compliance to be sufficient." (*Id.* at p. 402.)

In this case, the trial court focused on Dubinina's failure to include a proposed responsive pleading in her request for relief from default, and did not even consider whether Dubinina had substantially complied with section 473's responsive pleading requirement, which would entitle her to relief. (See § 473, subd. (b); *Carmel*, *supra*, 175 Cal.App.4th at pp. 401–402.)

The record, however, reflects that by the time she was joined to the case, Dubinina had already made clear her position on the matters at issue in the joinder pleading. Specifically, in a six-page declaration filed on December 3, 2018, in response to Heinsohn's joinder request, Dubinina addressed Heinsohn's claims against her in depth, explaining that she was the sole owner of Young Genius, that she bought the land in Hawaii with her own money, and that the transfer of the land after the parties separated "was the returning of an asset to its rightful owner." Then, only days before she was served with the joinder summons and pleading, in a declaration filed on January 3, 2019 in anticipation of a property division hearing that was to be held the next day, Dubinina again described her right to the contested property, explaining that she had owned and operated Young Genius since 2008 and had bought her aunt the land in Hawaii. In the August 23, 2019 declaration in support of her request to set aside the default, Dubinina

referred to earlier declarations in which she had detailed her claims regarding the debate school and the Hawaii property.

In addition, Dubinina had been actively involved in the proceedings in this matter from the start, attending hearings to translate for Cherednychenko and also assisting her aunt with preparation of pleadings and other documents. Notably, at the December 17, 2018 hearing on Heinsohn's request for joinder, Dubinina was present, was sworn as a witness, and actively participated in the discussion of the issues. For example, the court asked her questions about the Hawaii property, and Dubinina explained that she had bought the property with her money, had put title of the property into Cherednychenko's name only, and then, after the parties separated, title was transferred into Dubinina's name. Dubinina also told the court that the income from Young Genius was her money, which she had to use for rent, paying employees, and returning students' deposits, all to keep the debate school running.

At the conclusion of that hearing, the court granted Heinsohn's motion for joinder.[8] In explaining its reasoning, the court described the conflicts in

---

[8] Ironically, the court had noted at the outset of the hearing that Heinsohn had not attached to his motion for joinder "an appropriate pleading setting forth the joinder claim as if it were asserted in a separate act or pleading [*sic*], which would typically be a joinder complaint setting forth the cause of the action you are alleging against the complaint [*sic*] as if it were a separate civil action." Heinsohn's attorney acknowledged that he had not attached such a pleading, which is required under rule 5.24, and did not have one prepared, but asked the court for leave to "allow me to attach that to our pleading on joinder." The court responded, "Okay. Thank you" to that request, and went on to grant the motion for joinder despite the failure of Heinsohn's attorney to satisfy the attached pleading requirement. (See rule 5.24(d)(1) [application for joinder "must be accompanied by an appropriate pleading setting forth the claim as if it were asserted in a separate action or proceeding"].)

the evidence as to the Hawaii property, and told the parties that "[i]f I'm going to make a judgment about who owns that property and who claims the right, all of the parties who claim an interest in the property need to be parties. [¶] Because, Ms. Dubinina, it would not be fair to you if you were not a party to this action and I made an order that says it's community property and ordered that it had to be sold and the proceeds divided between Mr. Heinsohn and Ms. Cherednychenko. [¶] If it's truly your property, that order would be very unfair to you if you didn't have a chance to participate in these proceedings and present evidence to show me what your claim to the property is." Likewise, with respect to the debate school, the court discussed the conflicts in the evidence and the need for Dubinina's participation "in the litigation in order for me to decide, not only to determine the rights of the parties of this property [*sic*] but to protect Ms. Dubinina's right to the property if, in fact, the property belongs to her."

Finally, in response to Heinsohn's request for order filed in anticipation of a May 24, 2019 hearing in the dissolution matter, in which he had asked for, inter alia, "exclusive, use, title, and control" of Young Genius and the Hawaii property, Cherednychenko filed a responsive request for order and a declaration, with the attachments to both of these documents also signed by Dubinina on May 13, beneath the statement, "I have translated and helped compose this document." The first attachment requested that the court deny Heinsohn's request for "exclusive, use, title, and control over" Dubinina's Hawaii property and debate school, and the second attachment provided a detailed description of the history and facts supporting Dubinina's claim to ownership of both the Hawaii property and the debate school, as well as Heinsohn's harassment of Dubinina and efforts to "destroy[] Young Genius." The response also requested an order to "[c]ontinue this matter until after

17

Tayisiya Dubinina's motion to Vacate Default is heard on August 30, 2019 and/or set this matter for a long cause evidentiary hearing well into the future so that there may be sufficient time for discovery and due to the importance and complicated nature of the issues involved, specifically title to the land in Kona, Hawaii and ownership of Young Genius."

Despite all of this evidence showing Dubinina's ongoing, in-depth involvement in the case and her readiness to proceed on the issues raised in the joinder pleading, the court denied her request for relief because she had not technically satisfied section 473, subdivision (b)'s requirement that a party requesting an order setting aside a default must, as the court put it, "attach a copy of the proposed responsive pleadings to the default, so that the court can see that there has been diligence in an effort to actually respond to the lawsuit, and that the party is ready to respond to the lawsuit." The array of evidence in the record as a whole, as set forth above, plainly refutes the court's stated reasons for denying Dubinina's request for relief and demonstrates that long before that denial, Dubinina had provided both Heinsohn and the court with her views on the relevant facts and law, and had thoroughly contested Heinsohn's allegations.

In her briefing, Dubinina cites *Austin v. Los Angeles Unified School District* (2016) 244 Cal.App.4th 918, 932–933, in which the party requesting relief under section 473 had not submitted a proposed opposition to the other party's summary judgment motion, either with the original postjudgment request for relief or at any time prior to the final hearing on her request. The appellate court nevertheless found that the party had substantially complied with the proposed pleading requirement, explaining: "Had she attached an opposition memorandum [she] would have proffered essentially the same factual contentions and legal arguments as she did in her various filings

18

requesting relief from the judgment." (*Austin*, at pp. 932–933.) Likewise, in the present case, by the time of the hearing on her request for relief from default, Dubinina's various contentions and arguments regarding her position on the facts and law were at least as well known to Heinsohn and the court as they would have been had she merely filed a proposed answer to the joinder pleading.

This evidence in the record also reveals that Dubinina was fully engaged with the issues to be decided and was prepared to proceed with the case if the court granted her request for relief. (See *Carmel*, *supra*, 175 Cal.App.4th at p. 401 [purpose of section 473's proposed pleading requirement is to compel delinquent party to demonstrate "good faith and readiness to proceed on the merits"].)[9] In addition, the December 17, 2018 hearing transcript reflects how seriously the court took Dubinina's allegations about the Hawaii property and the debate school,[10] and its belief she needed to be joined as a party to enable the court to make a full and fair determination on the merits. (See *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 837 ["The 'accompanied by' requirement . . . seeks to

---

[9] We also note that despite her continuing uncertainty about the form of response required under section 473, Dubinina ultimately did provide a proposed response to the joinder pleading, which was filed on February 7, 2020, in support of her request to vacate the default judgment. Virtually all of the information contained in this proposed responsive pleading had already been set forth in Dubinina's prior declarations and related documents.

[10] Even as late as the August 30, 2019 hearing, just before denying Dubinina's request to set aside the default, the court asked her and Cherednychenko whether they objected to Heinsohn's request to return money from a tax refund to the Internal Revenue Service. When Dubinina said her name was not on the account, the court responded, "But you are a joint party. Do you object to [Heinsohn] sending the money back to the IRS?" Dubinina replied that she did not consent.

screen out those applications for relief that do not assert a potentially meritorious defense"].)

Considering all of these factors, we conclude Dubinina substantially complied with the proposed pleading requirement and the court's rigid application of that requirement in the circumstances of this case was unwarranted. (See *County of Stanislaus v. Johnson*, *supra*, 43 Cal.App.4th at pp. 401–402; *Austin v. Los Angeles Unified School District*, *supra*, 244 Cal.App.4th at p. 933.)

### 3. *Prejudice*

Finally, Dubinina filed her request to set aside the default soon after receiving notice of entry of default, and Heinsohn has not shown that he would have been prejudiced had the trial court granted the requested relief. (See *Grappo*, *supra*, 11 Cal.App.5th at p. 1005 [" 'Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted' "].)

As previously discussed, in her declaration opposing joinder and during the December 17, 2018 hearing on joinder, Dubinina described in detail her position and vigorously contested Heinsohn's allegations with respect to the debate school and the Hawaii property. Thus, Heinsohn was apprised of Dubinina's position on these issues well before the default was entered and long before the August 2019 hearing at which the court denied her request for relief. In addition, the court still had to hold a long cause hearing regarding the characterization of the Hawaii property and the debate school, and division of those properties between Heinsohn and Cherednychenko; that hearing was ultimately scheduled for April 2020.

Moreover, any delay that might have occurred resulted from the failure of Heinsohn's attorney to warn Dubinina that he intended to request entry of

20

default against her due to her failure to file a response to his joinder pleading. Instead of any such warning, counsel had a request for entry of default ready to go within three days after expiration of the 30-day deadline for filing a responsive pleading, and the court entered a default seven days after that. Counsel's failure to advise Dubinina, an unrepresented litigant, that she still needed to file a response to avoid default, or to at least warn her of his plan to request entry of default, led to years of additional litigation related to that entry of default, including this appeal. (See *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 701–703 (*Fasuyi*).)

In *Fasuyi*, *supra*, 167 Cal.App.4th at page 701, we addressed a similar situation involving a represented defendant, in which the plaintiff's "counsel took the default without so much as a reminder, let alone a warning, about any responsive pleading. [The defendant] argues this was 'unfair.' We agree, as such warning is at the least an *ethical* obligation of counsel[.]" (Citing Weil & Brown, Cal. Practice Guide: Civil Procedure before Trial (The Rutter Group 2007) ¶¶ 5:68-5.71, pp. 5-16 to 5-17 (rev. #1, 2007); see *Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963 [" '[T]he policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary' "].)

Here, as in *Fasuyi*, Heinsohn "would not be prejudiced by the grant of relief from default," since his "only argument is delay, and there would have been none had his counsel done what he should have." (*Fasuyi*, *supra*, 167 Cal.App.4th at p. 702.)

### 4. *Conclusion*

Courts must remain mindful of the rules governing the extreme remedy of barring parties from participating in litigation affecting their rights,

including the " 'very slight evidence' " required to justify granting relief from default, the strong policy "favor[ing] trial and disposition on the merits," and the rule that "any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." (*Grappo*, *supra*, 11 Cal.App.5th at p. 1005.) It appears that the trial court in this case disregarded these rules when it denied Dubinina's request for relief from default.

Considering the requirement that a trial court's order denying a request for relief from default must be " 'scrutinized more carefully than an order permitting trial on the merits,' " and in light of the abundance of evidence in the record demonstrating both the reasonableness of Dubinina's mistake and her substantial compliance with section 473's proposed responsive pleading requirement, along with the lack of prejudice to Heinsohn, we conclude the court's denial of Dubinina's request to set aside the default was an abuse of discretion. (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 980; see *Grappo, supra*, 11 Cal.App.5th at p. 1005 [" 'the trial court's discretion [in cases of default] is not unlimited and must be " 'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice' " ' "].) Accordingly, both the order denying Dubinina's request to set aside the default and the ensuing default judgment must be reversed.

## DISPOSITION

The order denying Tayisiya Dubinina's request for an order setting aside the default and the default judgment are reversed. Costs on appeal are awarded to Dubinina.

_____
Kline, J.*

We concur:

_____
Stewart, Acting P.J.


_____
Miller, J.


*In re Marriage of Heinsohn and Cherednychenko* (A159594)


     *Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.