Filed 10/27/23  Perry v. Mesa CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| JAMES L. PERRY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>FRANCISCO MARIO MESA, as Administrator, etc.,<br><br>    Defendant and Respondent. | B322063<br><br>(Los Angeles County Super. Ct. No. 19STCV33686) |

APPEAL from orders of the Superior Court of Los Angeles County.  Steven J. Kleifield, Judge.  Affirmed.

Law Offices of Michael S. Goergen and Michael S. Goergen for Plaintiff and Appellant.

Manning & Kass, Ellrod, Ramirez; Trester, Daniel Herbert, Steven J. Renick and Kirsten A. Brown for Defendant and Respondent.

_____

Defendant Francisco Mario Mesa (Mesa), the successor administrator of the Estate of Kendra Zimmerman (estate), successfully sought relief from the default and default judgment that resulted from the mistake or inexcusable neglect of the attorney for the prior estate administrator.  (Code Civ. Proc., § 473, subd. (b).)[1]  On appeal, plaintiff James L. Perry (Perry) contends Mesa failed to provide a sufficient showing to support mandatory relief under the statute.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

According to Perry, Kendra Zimmerman allegedly contracted with him in 2014 to finance his production of a movie.  She died intestate in November 2017, before paying Perry her purportedly agreed-upon $ 300,000 investment.  Mesa was her surviving spouse.

What followed were concurrent and related probate and civil actions.

### A.    Probate Action
### (Super. Ct. L.A. County No. 18STPB00048)

On January 3, 2018, a probate action was filed to administer the estate.  Later that year, Perry filed a $310,424.51 creditor's claim plus legal fees, which was ultimately deemed denied under Probate Code section 9256.

In August 2019, Cara L. Harris (Harris) was appointed the estate administrator, and letters were issued the following month.  By December of that year, Harris was unable to continue as estate administrator.  She filed notice of resignation on

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

January 6, 2020, "effective immediately." Thereafter, Mesa petitioned to succeed Harris. Perry objected.

On October 29, 2020, the probate court held a hearing on Mesa's petition and overruled Perry's objections. The court appointed Mesa as the successor estate administrator but ruled Harris's resignation was not effective "until new letters have issued." Harris was present at the hearing. In November 2020, Mesa was appointed the successor estate administrator, and letters were issued the following month.

## B. Civil Action
### (Super. Ct. L.A. County No. 19STCV33686)

In September 2019, Perry filed a verified complaint in propria persona for breach of contract and related causes of action. The complaint named Mesa, individually, the estate, and Does 1 through 20 as defendants.[2]

Mesa answered the complaint as an individual defendant. In November 2019, Perry personally served Harris, as the estate administrator on behalf of the estate. Harris did not respond to the complaint.

On January 21, 2020, Perry, now represented by counsel, filed a fictious name amendment to substitute Harris, the estate administrator, for the estate in the complaint. In March 2020, Perry again personally served Harris as the estate administrator on behalf of the estate. (On March 3, 2020, Perry filed an amended proof of service that Harris had been served as

---

[2] Contrary to Perry's assertion in his opening brief, Harris was not initially named in the complaint as a defendant either individually or as the estate administrator.

3

defendant estate administrator.) Harris failed to respond to the complaint.

On April 13, 2020, an order of default was entered against defendant Harris as the estate administrator.

Perry dismissed the complaint against the Doe defendants and later against Mesa as an individual defendant. Perry then requested a court judgment in his civil action, notice of which was mailed to Harris.

On March 9, 2021, Mesa answered the verified complaint as the estate administrator. On Perry's motion, the trial court struck Mesa's answer, noting Mesa was not the estate administrator when the default order was entered. The court then ordered Mesa substituted for the former estate administrator, Harris.

On December 16, 2021, Perry's civil action proceeded to a default prove-up hearing, and he obtained a judgment of $499,877.76 against Mesa as the estate administrator.

C.    **Motion and Hearing To Set Aside the Default and Default Judgment**

On May 4, 2022, Mesa moved to set aside the default and default judgment as (1) caused by the mistake, inadvertence, surprise, and/or neglect of Harris's counsel, and/or (2) void. (§ 473, subds. (b) & (d).)

In support of his motion, Mesa submitted the May 2, 2022 declaration of Attorney Romelia Dede Soto, who had represented Harris in the probate proceedings. The declaration set forth what Soto advised Harris after learning Harris was no longer able to serve as the estate administrator: Soto told Harris that she could resign as the estate administrator, and her resignation would be "effective immediately" upon filing with the court. That

4

meant Harris "would no longer have any obligation to perform any duties as the estate's administrator, other than to file an accounting with the court." At Harris's request, Soto filed the notice of resignation on January 6, 2020.

Soto stated that in March 2020, she learned Harris had received a summons and complaint in a pending civil action (Super. Ct. L.A. County No. 19STCV33686). The summons indicated the complaint was purportedly being served on Harris in her capacity as the estate administrator. Soto told Harris the "purported service was void and of no effect." Soto also advised because Harris had resigned as the estate administrator, she "no longer represented the estate in any capacity." Thus, Harris "not only . . . ha[d] no obligation to respond to the complaint, she had no power to do so[.]" Soto concluded "no answer or other pleading should be filed by or on behalf of [Harris] in response to the purported service on her of the complaint in the civil action."

Soto gave Harris the same legal advice in April 2020, when Harris received a request for entry of default in the same civil action. Soto testified the decision to forego answering the complaint and moving to set aside the default "were made by me, in my capacity as counsel for [Harris]." Soto testified if she were mistaken in understanding that Harris's notice of resignation was immediately effective for all purposes, then "it was this mistake by me that caused the default of [Harris] to be entered and for no action to be taken by [Harris] to set aside that entry of default."

As pertinent here, in opposing Mesa's motion, Perry challenged the credibility of Soto's declaration of fault. Perry relied on two documents, Soto's billing record and an earlier declaration by Soto, to argue Soto's declaration of fault was

untrustworthy and should be stricken. Perry contended Soto's billing record clearly showed Soto's declaration of fault exaggerated the extent of her work to represent Harris. Soto's earlier declaration, introduced by Perry, was intended to support Harris's efforts to resign as the estate administrator. It was apparently never filed with the court. Perry contended this earlier declaration contradicted Soto's declaration of fault because it implicated Harris as being partly to blame for failing to respond to the complaint.

Following the hearing on May 26, 2022, the trial court granted mandatory relief under section 473, subdivision (b). The court found (1) Mesa's motion "is timely filed"; and (2) Mesa "convincingly argues that [Soto's] declaration is trustworthy and should not be stricken." The court explained: "[Perry's] argument [is] that 'no prudent attorney would advise their [*sic*] client to just ignore legal process, and to allow a default judgment to be entered.' That is the point—[Soto] admits to not acting as a prudent attorney, and was responsible for the entry of default as a result." The court also found the billing record and earlier declaration that Perry introduced in attacking Soto's credibility were "not inconsistent" with Soto's declaration of fault.

The trial court ordered the April 13, 2020 default and the December 16, 2021 default judgment vacated. Thereafter, Mesa answered the verified complaint as the estate administrator.

Perry timely appealed from the orders.

## DISCUSSION

### A. Applicable Law and Standard of Review

"Section 473, subdivision (b), authorizes the trial court to relieve a party from a default judgment entered because of the party's or his or her attorney's mistake, inadvertence, surprise, or

6

neglect. The section provides for both mandatory and discretionary relief." (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.) Mandatory relief is available "whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect . . . , unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

If the requirements for applying the mandatory relief provision exist, the trial court does not have discretion to refuse relief. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

"Whether section 473, subdivision (b)'s requirements have been satisfied in any given case is a question we review for substantial evidence where the evidence is disputed and de novo where it is undisputed." (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 437.) Thus, where, as here, applicability of the mandatory relief provision turns on disputed facts, the trial court's decision is reviewed for substantial evidence. (*Carmel, Ltd. v. Tavoussi, supra*, 175 Cal.App.4th at p. 399.)

B. **Substantial Evidence Supported Mandatory Relief**

Perry's appeal primarily resurrects his challenges to Soto's credibility. He again points to Soto's billing record and earlier declaration as reasons the trial court should have discounted her declaration of fault. However, any attempts to discredit Soto's testimony at this stage are futile. "The trial court's ruling concluding there were grounds for section 473, subdivision (b), relief implies it believed counsel's explanation. Credibility is an

7

issue for the fact finder, and we do not reweigh evidence or reassess the credibility of witnesses.  [Citation.]  . . . [W]e defer to the trial court's implied finding of credibility and reject [the plaintiff's] apparent attempt to encourage us to make a different credibility determination."  (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492; accord, *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915 [trial court's finding regarding credibility " ' "is conclusive on appeal" ' "].)

Here, the trial court expressly made a credibility determination.  The court found Soto's declaration of fault was "trustworthy," and the billing record and earlier declaration were "not inconsistent" with that testimony.  As such, the declaration provided sufficient evidence to support the application of the mandatory relief provision.  Soto attested the default and default judgment were entered because she erroneously advised that Harris need not respond to the civil complaint and request for entry of default.  The trial court found the entry of the default judgment was in fact caused by Soto's mistake in failing to act as a "prudent attorney" in this case.

Without a citation to the record, Perry contends he objected to Soto's declaration of fault as lacking personal knowledge under Evidence Code section 702.  However, our review of the record, which consists of the clerk's transcript, reveals no such objection.  "The failure to raise a specific objection to the admission of evidence results in forfeiture of appellate review."  (*People v. Nelson* (2012) 209 Cal.App.4th 698, 711.)  In any event, Perry's contention is without merit.  Soto's declaration established her personal knowledge of the subject matter of her testimony—that she gave erroneous legal advice to Harris in the probate action

8

that led directly to the entry of a default and default judgment in the civil action.[3]

Finally, Perry contends the trial court erred in setting aside the default and default judgment without a declaration of fault from Mesa's attorney. Perry urges that Mesa and his attorney should have been compelled to state why Mesa "chose to do nothing" until the default judgment was entered. Perry argues that following the default order, Mesa should have acted to protect the estate by petitioning to be appointed as special administrator, among other things, to prevent the entry of the default judgment.

Perry has forfeited this argument, having failed to raise it before the trial court. (See, e.g., *Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316 [litigant may not assert a new theory on appeal].) More importantly, however, it has no bearing on whether the section 473, subdivision (b) motion was properly granted, which it was in this case.

---

[3] Soto's averment that, "If called to do so, I could and would competently testify to the following from my personal knowledge," clearly demonstrated her personal knowledge.

9

## DISPOSITION

The orders are affirmed. Respondent is entitled to costs on appeal.

NOT TO BE PUBLISHED.


KWAN, J.*

We concur:



ASHMANN-GERST, Acting P. J.



CHAVEZ, J.

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.