Filed 6/26/25  Wan v. Zhang CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| XIAO HUA WAN, | B341743 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC653633) |
| v. | |
| BIN ZHANG, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee S. Arian, Judge.  Affirmed.

Bayley Law Firm and Guy R. Bayley for Plaintiff and Appellant.

Kaisheng Yang for Defendant and Respondent.

_____

Appellant Xiao Hua Wan appeals from an order granting respondent Bin Zhang's motion to vacate a default judgment. Wan's appeal presents one issue: Where a defendant seeks relief under Code of Civil Procedure section 473.5,[1] does the trial court have discretion to grant a motion to vacate a default judgment when a defendant has substantially complied with section 473.5, subdivision (b)'s requirement that the moving party attach a copy of the responsive pleading to the motion? We conclude it has that discretion, and Wan does not contest Zhang substantially complied when Zhang attached his answer to his reply below. We thus affirm.

## BACKGROUND

On March 7, 2017, Wan filed a complaint alleging a cause of action for personal injury. Wan named Zhang and De Ozark Group, Inc. (De Ozark) as defendants.[2] According to the complaint, Wan and Zhang were long haul drivers and, in the course of their work, Zhang assaulted and battered Wan. Wan alleged De Ozark breached a duty of care by hiring Zhang "without properly investigating him and failing thereby to discover his propensity for violence."

The proof of service of summons shows the process server used substitute service to serve Zhang. The process server left documents with "John Doe" at an address in the City of Industry. On August 30, 2022, the court entered a default judgment in favor of Wan and against Zhang in the amount of $62,645.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The trial court dismissed De Ozark without prejudice.

On June 4, 2024, Zhang filed a motion under sections 473, subdivision (b) and 473.5 to set aside the default and default judgment. In his declaration, Zhang stated he was not served with the complaint or summons. Zhang also declared he never met Wan. Zhang did not attach an answer to his motion to set aside the default judgment.

In his opposition, Wan argued the court had to deny Zhang's motion because Zhang did not attach an answer to his motion and emphasized that both sections 473, subdivision (b) and 473.5, subdivision (b) require the movant to attach a copy of a responsive pleading. In addition, he claimed he properly served Wan "at the premises of De Ozark" by substitute service, and Wan and Zhang were not the strangers Zhang claimed. Finally, Wan argued Zhang failed to attach the declaration required by section 473, subdivision (b) to demonstrate excusable neglect, and also argued Wan's motion was untimely under that section.

In reply, Zhang contended he was not associated with De Ozark and therefore service at De Ozark's location was improper. Zhang also clarified that in seeking relief from default, he intended to rely on section 473.5 only, and not section 473, subdivision (b). Zhang attached his answer to his reply.

Relying on section 473.5, the trial court granted the motion to set aside the default judgment. "The Court excuses . . . counsel's mistake in not attaching the answer to the motion and orders [Zhang] to file an answer within 20 days of today." Zhang filed his answer on the day the trial court issued its order vacating the default judgment.

## DISCUSSION

On appeal, Wan argues by employing "shall" in the requirement to attach a responsive pleading, section 473,

subdivision (b) and section 473.5, subdivision (b), these statutes render the failure to attach a responsive pleading fatal to obtaining relief from default. Zhang claims he substantially complied with these statutes when he attached an answer to his reply brief below. Zhang relies on cases recognizing that substantial compliance can satisfy section 473, subdivision (b)'s requirement to attach a responsive pleading. On appeal, Wan did not file a reply brief challenging Zhang's assertion of substantial compliance.

Neither party cites a case addressing whether substantial compliance also satisfies section 473.5, subdivision (b)'s requirement to attach a responsive pleading to a motion to vacate a default judgment.[3] As set forth below, public policy in favor of deciding cases on the merits governs a trial court's exercise of its discretion to vacate a default judgment. That policy also underlies cases holding that substantial compliance can satisfy section 473, subdivision (b)'s requirement to attach a responsive pleading. Section 473, subdivision (b) grants relief from "mistake, inadvertence, surprise, or excusable neglect."[4] We

---

[3] The parties also do not provide the legislative history of section 473.5.

[4] Section 473, subdivision (b) provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

4

discern no credible argument—and Wan provides none—that substantial compliance should not similarly apply to a party seeking relief under section 473.5 who never received actual notice of the claim.[5]

We review an order granting relief under section 473, subdivision (b) or section 473.5 for abuse of discretion. (*Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212.) The overarching principle governing exercise of that discretion " 'is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is

---

[5] Section 473.5, subdivision (a) provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

Section 473.5, subdivision (b) provides: "A notice of motion to set aside a default or default judgment and for leave to defend the action shall designate as the time for making the motion a date prescribed by subdivision (b) of Section 1005, and it shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. The party shall serve and file with the notice a copy of the answer, motion, or other pleading proposed to be filed in the action."

allowed to stand. [Citation.] Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. [Citation.] . . .' . . . ' " 'Even in a case where the showing . . . is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved in favor of the application.' " ' [Citation.]" (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1444, italics omitted [discussing § 473.5]; *Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907–908 [same].)

In the case of a party's mistake, inadvertence, surprise, or excusable neglect, section 473, subdivision (b) requires that the "[a]pplication for this relief *shall be accompanied by a copy of the answer* or other pleading proposed to be filed therein, otherwise the application *shall not* be granted . . . ." (Italics added.) When service has not resulted in a party's actual notice of a claim, section 473.5, subdivision (a) provides an avenue for relief[6] and subdivision (b) requires that the party "*shall serve and file with the notice a copy of the answer, motion, or other pleading proposed to be filed in the action.*" (Italics added).)

Attaching a responsive pleading has a salutary purpose. It allows the party seeking relief to "demonstrate his or her good faith and readiness to proceed on the merits. [Citation.] The requirement helps ensure courts do not become ' " 'a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys,' " ' and supports ' "policies [which] favor getting cases to trial on time, avoiding unnecessary and prejudicial delay, and preventing litigants from playing fast and

---

[6] See footnote 5, *ante*.

loose with the pertinent legal rules and procedures." ' [Citation.]" (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 401–402.)

"While 'the word "shall" in a statute is ordinarily deemed mandatory, and "may" permissive' (citation), 'a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose' (citation)." (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 194.) Cases interpreting section 473, subdivision (b) have uniformly held substantial compliance is sufficient to comply with the requirement to attach a responsive pleading. (*Carmel, Ltd. v. Tavoussi, supra,* 175 Cal.App.4th at p. 403 [filing answer at hearing on the motion to vacate default judgment substantially complied with statutory pleading requirement]; *Dollase v. Wanu Water, Inc.* (2023) 93 Cal.App.5th 1315, 1326 [filing motion to quash service of process before trial court ruled on motion to vacate default substantially complied]; *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 933 [finding substantial compliance to support vacating summary judgment when then self-represented moving party did not include proposed memorandum in opposition to summary judgment but identified factual contentions and legal arguments in other filings]; *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 729 [substantial compliance in requesting relief from terminating sanction where verified discovery responses served before hearing on motion for relief]; *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 838 ["objectives of the 'accompanied by' requirement . . . are satisfied by the filing of a proposed answer at any time before the hearing"]; *Job v. Farrington* (1989) 209 Cal.App.3d 338, 341

[substantial compliance where answer filed prior to court hearing but after six months from entry of default].)

Wan cites no authority to support his strict reading of "shall" in either section 473, subdivision (b) or section 473.5, subdivision (b). Wan provides no authority that would support treating the requirements in these statutes differently such that substantial compliance would be available to a party seeking relief under section 473, subdivision (b), but not to a party seeking relief under section 473.5, subdivision (b).

An ameliorative interpretation of that requirement would be at least as justified in favor of a party never having received actual notice of the claim—to which section 473.5 applies— compared to a party seeking relief for mistake, inadvertence, surprise, or excusable neglect—to which section 473, subdivision (b) applies. Further, even though section 473, subdivision (b) expressly provides absent a responsive pleading, an application "shall not be granted," courts have still held substantial compliance suffices. We note section 473.5, subdivision (b) does not contain this additional limiting language, thus further indicating that its requirement to file a responsive pleading should not be interpreted more strictly than that requirement in section 473, subdivision (b). In sum, we reject Wan's strict interpretation of section 473.5, subdivision (b).[7]

---

[7] Albeit in a different context, our Supreme Court recently commented, "Procedural hurdles that are unnecessary to the fair adjudication of default judgments should not stand in the way of the vindication of a defendant's due process rights." (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 225–226 [motion under § 473, subd. (d), "to vacate a judgment that is void for lack of proper service is not subject to the judicially imposed two-year

Finally, we conclude Zhang substantially complied with section 473.5, subdivision (b) when he attached his answer to his reply brief.  Wan makes no argument to the contrary.  The responsive pleading was available prior to the hearing on Zhang's motion and shows Zhang's readiness to proceed.  (See *Dollase v. Wanu Water, Inc.*, *supra,* 93 Cal.App.5th at p. 1326.)  Additionally, Zhang filed the answer on the same day the court issued its order granting relief from Wan's default judgment, further indicating Zhang did not intend to delay the case.  (See *Austin v. Los Angeles Unified School Dist.*, *supra,* 244 Cal.App.4th at p. 933.)

## DISPOSITION

The order granting the motion to vacate the default judgment is affirmed.  Zhang shall have his costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.

---

limitation" (borrowed from § 473.5) where § 473, subd. (d) provides the motion must be filed within a "reasonable time."].)

9