Filed 12/16/25  Jiang v. Yu CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FENG JIANG, et al.,<br><br>   Plaintiffs and Appellants,<br><br>   v.<br><br>WEN YU, et al.,<br><br>   Defendants and Respondents. | D084966<br><br><br>(Super. Ct. No. 37-2022-00013756-CU-CO-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Affirmed.

Castaneda Law, Sergio A. Castaneda, Edward C. Yim and Drew Musto, for Plaintiffs and Appellants.

Macdonald & Cody, Gregory P. Konoske, D. Amy Akiyama and Megan K. Hawkins, for Defendants and Respondents.


Feng Jiang and Amy Qi Zhang (collectively, Plaintiffs) appeal from the denial of their postjudgment motion, brought under Code of Civil Procedure[1]

---

1      Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

section 473, subdivision (b), to set aside the entry of dismissal and judgment in favor of defendants Wen Yu, Ruohai Zhang, and RWZY, LLC (collectively, Defendants). Plaintiffs contend that the trial court erred in denying their motion on the ground that they failed to submit a proposed responsive pleading along with their motion. We conclude that Plaintiffs' contention lacks merit, and we accordingly affirm the order denying the postjudgment motion.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2022, Plaintiffs filed a lawsuit against Defendants. The dispute between the parties arose from an alleged agreement to operate a restaurant business. Plaintiffs filed a first amended complaint on July 5, 2022, and a second amended complaint on September 6, 2022.

On September 15, 2022, Defendants filed a demurrer to the second amended complaint, and Plaintiffs filed an opposition. On February 17, 2023, the trial court sustained the demurrer with leave to amend.

Plaintiffs filed a third amended complaint on February 28, 2023,[2] followed by a "modified" third amended complaint on May 8, 2023,[3] to which Defendants demurred on May 22, 2023. One day before the October 13, 2023 hearing on the demurrer, Plaintiffs filed an untimely document identified as

[2]     The first three versions of the complaint included additional defendants, but those defendants were omitted from the third amended complaint.

[3]     The preliminary statement in the "modified" third amended complaint stated that the modifications were made to conform to the terms of the trial court's ruling on the demurrer to the second amended complaint. That ruling included, among other things, an order striking Plaintiffs' claims for punitive damages and attorney fees, which Plaintiffs did not follow when drafting the third amended complaint.

a "[r]eply" to the demurrer. However, that document was in the form of a complaint, not a memorandum of points and authorities.

After holding a hearing, the trial court issued a minute order on October 13, 2023, in which it sustained the demurrer without leave to amend. The trial court explained, "This court notes that [P]laintiffs failed to timely file any written opposition to [D]efendants' demurrer. [¶] . . . [¶] . . . *[T]he day before today's oral argument and without leave of court*, [P]laintiffs filed a document entitled, 'Plaintiffs' Reply to the Demurrer Brought by Defendants to the Modified Third Amended Complaint,' consisting of only what appears to be a *sixth* iteration of the complaint. It contains no citations to the law and is entirely unaccompanied by a memorandum of points and authorities. The court strikes this pleading on grounds of untimeliness . . . , failure to obtain leave of court, and non-compliance with [Code of Civil Procedure section] 472[, subd.] (a). At oral argument, [P]laintiffs' counsel failed to provide the court with any reason for his failure to properly oppose [D]efendants' motion. It should be noted that defendants' demurrer had been filed with the court and served on [P]laintiff[s'] counsel on May 22, 2023—a date more than 4 1/2 months ago. Plaintiffs' absence of opposition may be deemed a waiver."[4] The trial court concluded: "After five attempts, this court is not going to allow what is, in effect, a sixth attempt at pleading where plaintiffs' counsel has

_____

[4]     Section 472, subdivision (a), which the trial court cited as one ground for striking Plaintiffs' "reply" to the demurrer, provides in relevant part: "A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed, or after a demurrer or motion to strike is filed but before the demurrer or motion to strike is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike. A party may amend the pleading after the date for filing an opposition to the demurrer or motion to strike, upon stipulation by the parties."

3

willfully failed to comply with the rules governing demurrers without explanation." A judgment of dismissal was filed on October 24, 2023.

On February 14, 2024, Plaintiffs filed a motion to set aside the entry of dismissal and judgment pursuant to section 473, subdivision (b). The motion, which was filed by *new* counsel for Plaintiffs, was based on a declaration from Plaintiffs' *former* counsel Peter Deng.[5] In his declaration Deng stated that he "forgot to calendar" the date for filing an opposition to demurrer to the modified third amended complaint.[6] He explained, "My failure to file a response . . . was due to my own neglect, and my clients own no responsibility for it."

The trial court issued a ruling on July 19, 2024, denying Plaintiffs' motion to set aside the entry of dismissal and judgment. The trial court explained it was denying the motion because "Plaintiff[s'] application for relief under [section] 473[, subdivision] (b) was not accompanied by a copy of

---

[5]    Defendants contend in their respondents' brief that, although Plaintiffs' new counsel purported to appear on behalf of *both* Plaintiffs, no substitution of attorney form was ever filed for one of the Plaintiffs, namely, Jiang. More specifically, the register of actions states that a substitution of attorney was filed by *both* Plaintiffs on October 26, 2023, but the corresponding substitution of attorney form contained in the appellate record appears to have been signed *only* by Zhang. Defendants assert that we may rely on Jiang's failure to file a substitution of attorney form as an alternative ground for affirming the trial court's denial of the motion to set aside the entry of dismissal and judgment as to Jiang. However, because we affirm the trial court on another ground, we need not, and do not, further address the issue.

[6]    In a declaration filed in support of Defendants' opposition, counsel for Defendants stated that she "strenuously dispute[d] the veracity of Mr. Deng's . . . declaration that he failed to file a timely opposition because he 'forgot to calendar the date the response was due.' " She recalled that at the hearing on the demurrer, Deng "verbally informed the Court that there had been NO calend[a]ring error."

the proposed responsive pleading, as required by statute[;] . . . nor was a responsive pleading offered any time prior to or during the hearing on this motion."[7]

Plaintiffs appeal from the denial of their postjudgment motion. (§ 904.1, subd. (a)(2).)

## II.

## DISCUSSION

Plaintiffs contend that the trial court erred in denying their motion to set aside the entry of dismissal and judgment. Specifically, according to Plaintiffs, they should not have been required to submit a proposed responsive pleading along with their motion. Plaintiffs' contention presents a question of law based on undisputed facts, which we review de novo. (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 (*Carmel*).)

Plaintiffs sought relief under section 473, subdivision (b), which provides in relevant part: "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief *shall be accompanied by a copy of the answer or other pleading proposed to be filed therein*, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of

---

[7]     Plaintiffs were on notice regarding the need to file a proposed responsive pleading prior to the hearing, as Defendants pointed out in their opposition memorandum that failure to do so was a ground for denying the motion.

judgment, *is in proper form*, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b), italics added.)

The final sentence quoted above provides for *mandatory* relief from a default or dismissal. (*Carmel, supra*, 175 Cal.App.4th at p. 399.) " 'The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect.' [Citation.] The purposes of the mandatory relief provision is to promote the determination of actions on their merits, to relieve innocent clients of the burden of the attorneys' fault, to impose the burden on the erring attorney, and to avoid the precipitation of additional litigation in the form of malpractice suits. (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 492 (*Gee*).) As Plaintiffs did here, a party may seek mandatory relief under section 473, subdivision (b) based on an attorney's "mistaken failure to respond" to a demurrer. (*Pagnini v. Union Bank, N.A.* (2018) 28 Cal.App.5th 298, 301 (*Pagnini*).)

Crucially, however, "the superior court is only required to grant a motion for relief under the mandatory relief provision of section 473(b) if . . . three conditions are met: (1) the motion is timely filed, (2) *is . . . ' "in proper form," '* and (3) is accompanied by an attorney affidavit attesting to, and showing that the challenged order was taken due to, attorney fault." (*Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 63 (*Jimenez*), italics added.) The issue in this case involves the second requirement. Specifically, the trial court denied Plaintiffs' motion, concluding that it was not "in proper form"

6

(§ 473, subd. (b)) because it did not include a proposed responsive pleading to Defendants' demurrer to the modified third amended complaint.

Case law explains that with respect to the statute's *mandatory* relief provision, "[t]he phrase 'in proper form' encompasses the mandate, expressly included in the *discretionary* relief provision . . . that the motion be ' "accompanied by a copy of the answer or other pleading proposed to be filed . . . ." ' " (*Jimenez, supra*, 97 Cal.App.5th at p. 63, italics added.) "[S]ubstantial compliance with that requirement is sufficient." (*Dollase v. Wanu Water, Inc.* (2023) 93 Cal.App.5th 1315, 1324 (*Dollase*) [citing *Carmel, supra*, 175 Cal.App.4th at pp. 402–403 in which the defendants "prepared a proposed answer when they filed their motion, and *made it available at the hearing on the motion*," italics added].)

"The purpose of the proposed pleading requirement of section 473 is to compel the delinquent party to demonstrate his or her good faith and readiness to proceed on the merits. [Citation.] The requirement helps ensure courts do not become ' " 'a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys,' " ' and supports ' "policies [which] favor getting cases to trial on time, avoiding unnecessary and prejudicial delay, and preventing litigants from playing fast and loose with the pertinent legal rules and procedures.' " (*Carmel, supra*, 175 Cal.App.4th at pp. 401–402.) As particularly relevant here, "[t]hese policies apply with even greater force when *mandatory* relief is being sought" because without them "[a]n attorney could repeatedly miss deadlines" and "the trial court would be required to excuse resulting defaults so long as the attorney confessed fault on each occasion," leaving a trial court with "little or no ability to curb abuses." (*Id*. at p. 402, italics added.)

7

Plaintiffs acknowledge that they did not submit a proposed responsive pleading along with their motion to set aside the entry of dismissal and judgment. However, according to Plaintiffs, they were not required to do so because "the type of proposed pleading" they eventually will file is not "obvious." Plaintiffs explain that "there are several potential actions they could take" in responding to the demurrer, such as "seek[ing] leave of court to file an amended complaint along with an ex parte application to shorten time for notice and hearing." According to Plaintiffs, "to support such a motion, they'd probably first need additional discovery." Based on this uncertainty, Plaintiffs believe they should have been excepted from the requirement to submit a proposed responsive pleading, as it "might be an impossible requirement to meet."

The argument is not persuasive. The requirement to submit a proposed responsive pleading in order to obtain mandatory relief under section 473, subdivision (b) applies in a wide range of situations. (See *Dollase, supra*, 93 Cal.App.5th at pp. 1325–1326 [the defendant was required to submit its proposed motion to quash service of summons to obtain relief from default under § 473, subd. (b)]; *Hernandez v. FCA US LLC* (2020) 50 Cal.App.5th 329, 337 [a motion seeking relief under § 473, subd. (b) was "in proper form" because it attached a proposed motion for attorney fees]; *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 719–720 ["an application for relief from a terminating discovery sanction is 'in proper form' if . . . verified discovery responses are delivered to opposing counsel before the hearing on the application for relief"].) We perceive no reason to apply a different rule when

8

the proposed pleading will respond to a demurrer.[8]  Making an exception for Plaintiffs' response to the demurrer would undermine the policy behind the rule requiring a proposed responsive pleading.  As we have explained, the requirement exists "to demonstrate [the party's] good faith and readiness to proceed on the merits," to avoid " 'unnecessary and prejudicial delay' " and to " 'prevent[ ] litigants from playing fast and loose with the pertinent legal rules and procedures.' "  (*Carmel, supra*, 175 Cal.App.4th at p. 401.)  If we were to excuse Plaintiff from the requirement of submitting a proposed responsive pleading, they could continue to cause unnecessary and prejudicial delay by once again failing to file a timely response.  Moreover, we are not convinced that preparing a proposed responsive pleading would be "impossible."  There were nine months between when the trial court sustained the demurrer to the modified third amended complaint on October 13, 2023, and when it held the hearing on Plaintiffs' motion for relief under section 473, subdivision (b) on July 19, 2024.  Nine months was more than sufficient for Plaintiffs to determine how they intended to respond to the

---

8      Plaintiffs contend that *Gee, supra*, 6 Cal.App.5th 477 and *Pagnini, supra*, 28 Cal.App.5th 298 support their position.  Neither opinion is on point. *Gee* concerned relief from a dismissal following counsel's failure to pay change of venue fees.  The opinion does not discuss whether the plaintiff was required to propose payment of those fees or submit any other proposed pleading as a prerequisite to obtaining relief under section 473, subdivision (b).  (*Gee,* at pp. 482–493.)  *Pagnini* holds that a plaintiff may seek relief under section 473, subdivision (b) from counsel's failure to respond to a demurrer, but it contains no discussion of whether the plaintiff submitted a proposed response to the demurrer along with its motion or was required to do so.  (*Pagnini,* at pp. 302–306.)  "It is axiomatic . . . that a decision does not stand for a proposition not considered by the court."  (*Rattagan v. Uber Technologies, Inc.* (2024) 17 Cal.5th 1, 39.)

demurrer and prepare whatever pleadings were necessary to implement that strategy.

In sum, we conclude that the trial court properly denied Plaintiffs' motion for relief under section 473, subdivision (b) because Plaintiffs failed to substantially comply with the requirement to submit a proposed responsive pleading along with their motion.

## DISPOSITION

The postjudgment order denying Plaintiffs' motion to set aside entry of dismissal and judgment pursuant to section 473, subdivision (b) is affirmed. Wen Yu, Ruohai Zhang, and RWZY, LLC shall recover their costs on appeal.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.

10